UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JOSHUA TAPER,<br><br>    Plaintiff,<br><br>    v.<br><br>JENNIFER BRANCH, et al.,<br><br>    Defendants. | Case No. 1:24-CV-600<br><br>Judge Michael R. Barrett<br><br>**ORDER** |

This matter is before the Court on the Magistrate Judge's report and recommendation of April 3, 2025. (Doc. 16). Proper notice has been afforded to the parties under 28 U.S.C. § 636(b)(1)(C), including notice to Plaintiff Joshua Taper that he could forfeit the right to further de novo review if he failed to file objections to the R&R in a timely manner. *See Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (holding that a failure to file objections generally waives the right to appeal the district court's adoption of an R&R). Taper has filed what he terms an objection, but for the following reason, the Court will overrule his objection and adopt the R&R in full.

Magistrate Judges are authorized to decide both dispositive and non-dispositive matters pursuant to 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. When objections are made to a Magistrate Judge's R&R on a dispositive matter, the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). Upon review, the Court "may accept, reject, or

1

modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1).

But "[t]he filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001); *see also Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006) ("Overly general objections do not satisfy the objection requirement."). And the Court "need not provide de novo review where the objections are 'frivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637-38 (6th Cir. 1986) (per curiam) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982)).

As described in detail by the Magistrate Judge, Taper has become a prolific filer in this jurisdiction. (Doc. 16, PageID 128-29). Central to his various lawsuits, petitions, and miscellaneous filings is a challenge to his 2015 conviction in Hamilton County for involuntary manslaughter with a firearm specification. *See Taper v. Luneke*, No. 1:24-CV-602, 2024 U.S. Dist. LEXIS 233345, at *1-2 (S.D. Ohio Dec. 27, 2024). Taper specifically contends that he was unlawfully questioned by law enforcement without the consent of a parent and eventually forced to confess and sign a plea agreement, resulting in kidnapping and false imprisonment by the State of Ohio.[1] (Doc. 16, PageID 138).

But as the Magistrate Judge has also detailed, Taper's filings are often indecipherable, even to the extent that the Court was initially "unable to understand what type of lawsuit [Taper] wished to bring and against whom," because he failed to file "a

---

[1] Taper was initially charged with murder in relation to the shooting death of Stephen Balderos, but in exchange for a reduction of the charge against him to involuntary manslaughter with a firearm specification, he pleaded guilty and entered into an agreement with a recommended fourteen-year term of imprisonment. *Taper*, 2024 U.S. Dist. LEXIS 233345, at *1-2. In a 2022 denial of Taper's motion for judicial release, the state court judge concluded that Taper knowingly and voluntarily entered into the plea agreement, and noted that his sentence on lesser charges was "far less than the 18 year to life maximum sentence he faced on the indicted charges." *Id.*, *2.

2

single complaint form identifying who he was suing or the facts of his case." *Taper v. Branch*, No. 1:23-CV-806, 2024 U.S. Dist. LEXIS 100926, at *3-4 (S.D. Ohio June 6, 2024). Taper continues "to file successive, superfluous, or frivolous motions," (Doc. 16, PageID 128), and his self-styled objection to the R&R is no different.

Rather than substantively addressing a single finding or conclusion contained in the R&R, Taper merely alleges—without evidence—that his claims have been ignored or mischaracterized due to "corruption at the federal court." (Doc. 17, PageID 149). He then offers to "dismiss all cases with prejudice . . . to help the Court save money" in exchange for his release from state prison. (*Id.*, PageID 150). Taper has thus utterly failed to preserve de novo review. *See Mira*, 806 F.2d at 637-38.

For the reasons therein, the R&R is **ADOPTED** in full. All claims are **DISMISSED** with prejudice, pursuant to 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b). The Court further **CERTIFIES** that an appeal of this order would not be taken in good faith and **DENIES** leave to proceed in forma pauperis on appeal. *See* Fed. R. App. P. 24(a). Finally, the Court expressly finds that this dismissal is a strike for the purposes of 28 U.S.C. § 1915(g),[2] and **WARNS** Taper that he may be subject to additional filing restrictions should he continue to file repetitive or frivolous lawsuits.

**IT IS SO ORDERED.**

                               */s/ Michael R. Barrett*
                               Michael R. Barrett
                               United States District Judge

---

[2] The undersigned shares the concern of the Magistrate Judge that the Sixth Circuit's decision in *Crump v. Blue*, 121 F.4th 1108 (6th Cir. 2024), may require district courts to "leapfrog over threshold issues of judicial administration" when incarcerated litigants intentionally add "meritless state-law claims or claims against immune defendants to their federal claims," (Doc. 16, PageID 132).